**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JENNIFER GATTERMEYER, | Case No: 1:17-cv-00286 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff filed this Social Security appeal to challenge the Defendant's non-disability finding. *See* 42 U.S.C. §405(g). On January 12, 2018, the Court granted the parties' joint motion for remand this matter for further consideration under sentence four of 42 U.S.C. §405(g). (Docs. 14, 15).

The parties subsequently filed a stipulation for attorney fees and costs under the Equal Access for Justice Act ("EAJA") (doc. 16). The parties stipulate to and jointly move the Court to award Plaintiff EAJA fees, costs and expenses in the amount of $3,000.00. The stipulation further states that, if counsel for the parties can verify that Plaintiff owes no pre-existing debt to the United States that is subject to offset, then Defendant agrees to direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment signed by Plaintiff.

In *Kerr v. Com'r of Soc. Sec.*, 874 F.3d 926 (6th Cir. 2017), the Sixth Circuit held that under Circuit precedent,[1] the Supreme Court's decision in *Ratliff v. Astrue* 560 U.S. 586 (2010), and the Anti-Assignment Act ("AAA"), 31 U.S.C. § 3727, a district court may

---

[1] *See, e.g., Bryant v. Com'r*, 578 F.3d 443, 448 (6th Cir. 2009) and *Turner v. Com'r*, 680 F.3d 720, 722 (6th Cir. 2012).

not honor a pre-existing assignment of an EAJA fee award that directs payment to counsel, but instead must direct payment to the plaintiff.  However, the Sixth Circuit also held that if in its discretion, "the government waives application of the AAA in EAJA cases," then payment to counsel would be permitted.  *Id.*

Accordingly, it is **RECOMMENDED THAT** the parties' stipulation (Doc. 16) be **GRANTED**, and that Plaintiff be awarded the total sum of $3,000.00 in attorney's fees and costs under the Equal Access to Justice Act.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JENNIFER GATTERMEYER, | Case No: 1:17-cv-00286 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3