# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JENNIFER GATTERMEYER,  Case No: 1:17-cv-286

    Plaintiff,  Barrett, J.

v.  Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Jennifer Gattermeyer filed this Social Security appeal to challenge the Defendant's non-disability finding. In January 2018, the Court granted a joint motion to remand this case for further review under sentence four of 42 U.S.C. §405(g). (Docs. 12, 13, 14). The Court thereafter granted the parties' joint motion to award Plaintiff attorney's fees under the Equal Access to Justice Act ("EAJA"). (Docs. 16, 17, 18).

On March 13, 2019, Plaintiff's counsel filed a motion with this Court seeking an additional award of $7,365.00 in attorney's fees pursuant to 42 U.S.C. §406(b). Plaintiff's motion references and attaches two Notices of Award, dated January 13, 2019 for DIB benefits, and February 15, 2019 for SSI benefits.[1] (Doc. 19). In order to avoid a duplicate recovery and under controlling case law, counsel states that if this Court awards a fee under § 406(b), she will return the previously awarded EAJA fee ($3,000.00) to Plaintiff.

---

[1] Local Rule 54.2(b) specifies that a motion for attorney's fees under the Social Security Act must be filed in this Court within forty-five days of the Notice of Award. Technically, counsel's motion was filed slightly more than 45 days after the January 13, 2019 Notice, but was within 45 days of the SSI Notice. In light of the lack of objection from the Commissioner and overall merits of the motion, the undersigned finds no need to further review the issue of timeliness. *But see Hayes v. Com'r of Soc. Sec.*, 895 F.3d 449 (6th Cir. 2018) (affirming denial of § 406(b) motion filed outside of limitations period of local rule, where no equitable factors justified tolling)

(Doc. 19 at 2-3). *See Jankovich v. Sec'y*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

On March 21, 2019, the Commissioner filed a response that acknowledged that the Commissioner has no financial interest in whether or not Plaintiff's motion for § 406(b) fees is granted, since such fees are paid out of Plaintiff's past-due benefits award - unlike EAJA fee awards which are paid by the Commissioner. As this Court recently reiterated in a published decision, courts have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee is "reasonable," including: (1) the *Hayes* test;[2] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. The requested award easily satisfies the *Hayes* test, arguably eliminating any need to review other factors in the case presented.[3]

Having independently reviewed Plaintiff's motion, the undersigned concludes that the motion should be granted in full because the requested fee is within the 25% statutory

---

[2]*See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).
[3]*See Ringel,* 295 F. Supp.3d at 828-29 ("If the contingency fee agreement produces an award that is less than the sum of 2 times the 'standard rate [under *Hayes*],' then the windfall analysis is complete"). The undersigned notes that the express language of the contingent fee agreement attached to counsel's motion *could* be viewed as further limiting counsel to the lesser amount of either $6,000 or 25% of any lump sum award for past due benefits. (*See* Doc. 10 at 10, indicating "maximum" of "whichever is less" of those two sums; *see also id.* at 14 (Agency Notice stating that "[u]nder the fee agreement, the representative cannot charge you more than $6,000.00 for his or her work."). However, the Court has grave doubt that such a limitation was intended in light of more ambiguous language in the following paragraph of the fee agreement that contains no reference to a "maximum" fee. In light of the lack of objection by the Commissioner or Plaintiff herself, the Court therefore declines to enforce the ambiguous language against Plaintiff's counsel.

2

cap on fee awards for work performed in federal court, and is otherwise reasonable. *See generally Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."). However, for the convenience of the parties and of the Court, the duplicate EAJA fee previously awarded to counsel should be applied as an offset against the total award.[4]

**Conclusion and Recommendations**

Accordingly, **IT IS RECOMMENDED THAT**:

Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 23) should be **GRANTED**. Counsel should be awarded a gross fee of $7,365.00, under 42 U.S.C. §406(b). Applying the offset of $3,000, the amount of the EAJA award previously awarded yields a net fee award totaling **$4,365.00**, which should be paid to counsel out of Plaintiff's past-due benefits award.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] The prior EAJA award was paid by the Commissioner. However, all fees awarded under 42 U.S.C. §406(b) are paid directly by the plaintiff and reduce the total amount of benefits to the disabled individual. Applying an offset rather than requiring a refund serves the dual purpose of balancing the purpose of the EAJA and preserving benefits awarded under the Social Security Act.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER GATTERMEYER,  Case No: 1:17-cv-286

    Plaintiff,  Barrett, J.
v.  Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).